**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**JORGE L. NIEBLA,**

      **Plaintiff,**

**vs.**                                     **CASE NOS:**

**DUNAWAY, et al,**                    **5:09CV199-SPM/AK**
                                                 **5:09CV220-RS/AK**
      **Defendants.**                     **5:09CV232-RS/AK**
                                                 **5:09CV246-RH/AK**
                                               **5:09CV252-RS/AK**
                                                 **5:09CV262-RS/AK**
                                                 **5:09CV269-RS/AK**

_____/

## REPORT AND RECOMMENDATION

      Plaintiff has filed over 50 cases in this district since 2005 and ten cases in the last two months.  He has been on the Court's three strike list for years.  Despite numerous and repeated Court orders dismissing his cases on this ground, he persists in filing complaints without the filing fee or motions for leave to proceed in forma pauperis. The law is well settled and he is well advised that he cannot proceed without prepayment of filing fees unless he is under imminent danger of serious physical injury. 28 U.S.C. §1915(g).  Yet, none of the cases herein addressed concern any such allegations.

      Although prisoners have a constitutional right of access to the courts, *see* Bounds v. Smith, 430 U.S. 817, 821 (1977), "this right is not absolute or unconditional." Procup v. Strickland, 760 F.2d 1107, 1111 (11th Cir. 1985), *on rehearing*, 792 F.2d 1069

(11th Cir. 1986) (holding that the district court has authority to impose serious restrictions

on pro se litigants). A litigant may not utilize the court system while ignoring court

orders.  Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989).

Thus, a court has an inherent power "to fashion an appropriate sanction for

conduct which abuses the judicial process.  Chambers v. NASCO, Inc., 501 U.S. 32, 44-

45.  These inherent powers are necessary for "courts to manage their own affairs" and

"achieve the orderly and expeditious disposition of cases."  Id., at 43.  Although this

power should be exercised with "restraint and discretion," id., at 44, dismissal as well as

other sanctions may be warranted.  See Jones v. Warden of Stateville Correctional

Center, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) (failure to be truthful on complaint

forms about prior related complaints warrants sanctions).

A sanction available to the court under Florida Statute §944.279(1) is:

> At any time, and upon its own motion or on motion of a party, a court may
> conduct an inquiry into whether any action or appeal brought by a prisoner
> was brought in good faith. A prisoner who is found by a court to have
> brought a frivolous or malicious suit, action, claim, proceeding, or appeal
> in any court of this state or in any federal court, which is filed after June
> 30, 1996, or to have brought a frivolous or malicious collateral criminal
> proceeding, which is filed after September 30, 2004, or who knowingly or
> with reckless disregard for the truth brought false information or evidence
> before the court, is subject to disciplinary procedures pursuant to the rules
> of the Department of Corrections. The court shall issue a written finding
> and direct that a certified copy be forwarded to the appropriate institution
> or facility for disciplinary procedures pursuant to the rules of the
> department as provided in s. 944.09.

However, prior to imposing such sanctions the Court must afford Plaintiff fair notice that

his conduct may warrant sanctions and the reasons why.  See In re Mroz, 65 F.3d 1567,

1575 (11th Cir. 1995).  Notice and the reasons why are set forth herein, and Plaintiff is

**5:09cv199-SPM/AK; 5:09cv220-RS/AK; 5:09cv232-RS/AK; 5:09cv246-RH/AK;
5:09cv252-RS/AK; 5:09cv262-RS/AK; 5:09cv269-RS/AK**

hereby given an opportunity to respond, if he deems it necessary, by filing Objections to this report and recommendation to explain why he filed the lawsuits noted above when he knew he had three strikes and could not proceed IFP without alleging imminent danger of serious injury and why he should not be sanctioned by the DOC.

It is therefore, **RECOMMENDED** that the Clerk file this Report and Recommendation in all the above numbered cases; that all the cases be **DISMISSED** as frivolous; that the Order adopting these recommendations include a finding that Plaintiff acted in bad faith in bringing these cases and a request that the institution where he is incarcerated at the time the Order is entered take appropriate disciplinary action pursuant to Florida Statute §944.279(1); and finally, that any complaints submitted by Plaintiff for filing must include on the front page in bold letters "**IMMINENT DANGER OF SERIOUS INJURY,**" supported by facts in the body of the complaint, and must be accompanied by a motion for IFP or the full filing fee, or the Clerk shall return said papers without filing.  If the complaint does not support a finding of imminent danger of serious injury, additional disciplinary action will be sought.

**DONE AND ORDERED** this 21st day of August, 2009.

s/ A Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**5:09cv199-SPM/AK; 5:09cv220-RS/AK; 5:09cv232-RS/AK; 5:09cv246-RH/AK; 5:09cv252-RS/AK; 5:09cv262-RS/AK; 5:09cv269-RS/AK**